```
Benjamin J. Ginter, Attorney at Law
34 Forest Avenue
Cranford, NJ 07016
Tel: 908-272-6565
Fax: 484-214-0310
Attorney for Debtor
```

------------------------------------------------------------

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY |
| | CHAPTER 13 |
| MARIA ARVELO | CASE NO.: 16-13147/SLM |
| | |
| | **NOTICE OF MOTION IN SUPPORT OF** |
| DEBTOR. | **MOTION FOR APPROVAL OF POST-** |
| | **PETITION LOAN MODIFICATION** |
| | **PURSUANT TO 11 U.S.C.§364 FED.** |
| | **R. BANKR. P. 4001(C)** |
| | |
| | HEARING DATE: **January 25, 2017** |
| | TIME: **10:30 AM** |

------------------------------------------------------------

Debtor, Maria Arvelo, have filed a Motion for Approval of a Post-Petition Loan Modification with the Bankruptcy Court, Trenton, New Jersey pursuant to 11 U.S.C. §364 and Fed. R. Bankr.P.4001(c).

Your rights may be affected. Therefore, you should read these papers carefully and consult with an attorney if necessary.

If you do not wish for the Court to approve this Motion or if you wish to respond to this Motion, within seven (7) days prior to the scheduled hearing you or your attorney must:

File with the Court a written request for a hearing, or if the Court requires a written response, an answer explaining your position. Such response should be sent to:

        United States Bankruptcy Court
        MLK Jr., Federal Building
        50 Walnut St
        Newark, NJ 07102

You must also mail a copy to:

        Benjamin J. Ginter, Esq.
        34 Forest Ave
        Cranford, NJ 07016

        Marie Ann Greenberg
        Chapter 13 Standing Trustee
        30 Two Bridges Road
        Suite 330
        Fairfield, NJ 07004

Please note that the hearing is scheduled as follows:

Honorable Stacey Meisel
Date:     January 25, 2017
Time:     10:30 AM
Place:    50 Walnut St
          Newark, NJ 07102
          Courtroom #3A

Pursuant to D.N.J. LBR 9013-1(d) et seq., if you wish to contest this motion, you must file with the Office of the Clerk of the United States Bankruptcy Court, responding papers stating the basis of your opposition to this Motion. A copy of the proposed Order is enclosed with this Motion.

**PLEASE TAKE NOTICE**, that the relief requested herein does not involve complex legal issues; accordingly, no brief or memorandum of law is being submitted in support of the within Motion.

**PLEASE TAKE FURTHER NOTICE**, that if you or your attorney do not take the necessary steps to respond, the Court may decide that you do not object to this Motion and subsequently enter an Order granting relief.

Dated: December 28, 2016      /s/ Benjamin J. Ginter, Esq.
                                        BENJAMIN J. GINTER, ESQ.

Benjamin J. Ginter, Attorney at Law
34 Forest Avenue
Cranford, NJ 07016
Tel: 908-272-6565
Fax: 484-214-0310
Attorney for Debtor

---

| IN RE: | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY |
| | CHAPTER 13 |
| MARIA ARVELO | CASE NO.: 16-13147/SLM |
| | |
| | **ATTORNEY'S CERTIFICATION IN SUPPORT OF MOTION** |
| DEBTOR. | **FOR APPROVAL OF POST-PETITION LOAN MODIFICATION** |
| | **PURSUANT TO 11 U.S.C.§364 FED. R. BANKR. P. 4001(C)** |
| | |
| | **HEARING DATE: January 25, 2017** |
| | **TIME: 10:30 AM** |

---

Benjamin J. Ginter., hereby certifies that:

Benjamin J. Ginter, Esq., attorney for Maria Arvelo, makes this motion for approval of post-petition loan medication pursuant to 11 U.S.C.§364 FED. R. BANKR. P. 4001(C).

1. Debtor filed a Chapter 13 bankruptcy on February 23, 2016.

2. The Chapter 13 plan was confirmed on October 24, 2016.

3. Debtors filed a Notice of Request for Loss Mitigation on March 3, 2016. The Order granting this request was signed on March 22, 2016.

4.   After completing a 3 month trial payment with the lender, Fay Servicing, Debtor was offered a Loan Modification The terms of the loan modification are attached hereto (Exhibit "A").

6.   The terms of the Debtors' Chapter 13 Plan, will not change as a result of this loan modification. Debtor's son has agreed to increase his contribution payments to the household to $1525.00 to ensure Debtor has enough disposable income to pay the mortgage and the Chapter 13 Plan. The payments and length of the plan will remain the same. The Chapter 13 Plan did not propose to pay back the mortgage arrears through the Plan. Instead, the arrears would be resolved through a loan modification which has now been accomplished.

7.   It is therefore respectfully requested of this Court that it approve the loan modification.

Dated: December 28, 2016                /S/ BENJAMIN J. GINTER, ESQ
                                        BENJAMIN J. GINTER

# EXHIBIT "A"

Prepared By & Return To:
FAY SERVICING, LLC
MODIFICATION PROCESSING
DEPARTMENT
440 S. LASALLE ST., STE. 2000
CHICAGO, IL  60605

Fay Servicing, LLC Loan No.: 113584

―――――――――――――――[Space Above This Line For Recording Data]―――――――――――――――

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

Borrowers ("Borrower"): **MARIA ARVELO**
Lender ("Lender"): **U.S. ROF IV LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE**
Date of first lien Security Instrument ("Security Instrument") and Note ("Note"): **August 29, 2006**
Property Address ("Property"): **927 BERGEN AVE, LINDEN, NJ 07036**

This Loan Modification Agreement (the "Agreement"), amends and supplements the Security Instrument and Timely Payment Rewards Rider if any and the Note, bearing the same date as, and secured by the Security Instrument which covers the Property. Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

## RECITALS

WHEREAS, Borrower is prepared to make a principal payment of **$0.00** and desires a modification of the Loan Documents, as set forth herein; and

WHEREAS, Lender has agreed to modify the Loan Documents in accordance with the terms and conditions set forth in this Agreement upon receipt of **$0.00** from Borrower; and

Loan Modification Agreement
Proprietary W3078B
Page 1 of 6
49883MU 01/16




NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated herein by this reference, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lender and Borrower agree as follows.

### COVENANTS AND CONDITIONS

1. This Agreement shall become effective and binding upon Lender's receipt and acceptance of:

    a. This Agreement, properly executed by Borrower, no later than **December 05, 2016**.

    b. An ACH payment, certified check, money order, or personal check made payable to **Fay Servicing, LLC** in the amount of **$0.00** no later than **N/A** (the "Good Faith Payment").

2. If the preconditions to the modification set forth in Section 1 have been met, Lender shall modify the Loan Documents as follows:

    a. As of **December 1, 2016**, the amount payable under the Note and the Security Instrument will be reduced by **$0.00**. Thereafter, the remaining unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized will be **$485,917.81** (the "New Principal Balance").

    b. Lender will amortize **$240,000.00** of the New Principal Balance (the "Amortized Principal Balance") and defer the remaining **$245,917.81** of the New Principal Balance until the Maturity Date (the "Deferred Principal Balance").

    c. On **September 1, 2036** (the "Maturity Date"), Borrower promises to pay **$151,927.25** (the "Balloon Payment") and **$245,917.81** (the "Deferred Principal Balance") to the order of Lender. If on the Maturity Date, Borrower still owes any amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. Borrower promises to pay the Amortized Principal Balance, plus Interest, together with all payments of taxes, insurance premiums, assessments, impounds, and all other related payments (the "Escrowed Funds") to the order of Lender, beginning on **December 1, 2016**, and continuing thereafter on the first day of each succeeding month until the Amortized Principal Balance and Interest are paid in full. Interest will begin to accrue on the Amortized Principal Balance at the yearly rate of **7.500%**, beginning on **November 1, 2016**. The monthly payment will be **$1,661.63** for Principal and Interest, plus **$810.55** for Escrow for a total monthly payment of **$2,472.18**. Please note, however, that the amount of Borrower's Escrow payment may be adjusted periodically in accordance with applicable law and, therefore, the total monthly payment may change accordingly.

4. Lender promises to maintain Borrower's Escrowed Funds in a separately managed account and to pay Borrower's related expenses with Borrower's Escrowed Funds. Lender hereby revokes any waiver as to payment of Borrower's Escrow related expenses.




5. If all of any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

   To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Loan Documents. Borrower will continue to be obligated under the Loan Documents unless Lender releases Borrower in writing.

   If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with the Loan Documents. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

6. Borrower promises to comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date of this Agreement:

   a. All terms and provisions of the Loan Documents (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in the Timely Payment Rewards Addendum to Note and Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   b. All terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Loan Documents and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

Loan Modification Agreement
Proprietary W3078B                                        Page 3 of 6                                        49883MU 01/16




a. If Borrower fails to fulfill the preconditions to the modification set forth in Section 1, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided under the Loan Documents.

b. All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

c. All covenants, agreements, stipulations, and conditions in the Loan Documents shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Loan Documents shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Loan Documents, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Loan Documents are expressly reserved by Lender.

d. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Loan Documents.

e. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

f. Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement and in any Rider attached hereto and executed by Borrower simultaneously herewith.



_____Maria Arvelo_____ (Seal)
MARIA ARVELO                      -Borrower
                                  [Printed Name]

## ACKNOWLEDGMENT

State of __New Jersey__ §
                        §
County of __Union__     §

On this __30th__ day of __November 2016__, before me __Owusu A. Kizito__, personally appeared MARIA ARVELO, known or identified to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same as his own act for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

Signature of Officer _____

Printed Name   OWUSU A KIZITO
               ID # 2372707
               NOTARY PUBLIC
               STATE OF NEW JERSEY
               My Commission Expires April 22, 2018

Title of Officer _____

(Seal)

My Commission Expires: __April 22, 2018__

 

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
U.S. ROF IV LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE

By: _____
    FAY SERVICING, LLC      -Lender

_____
Date of Lender's Signature

### ACKNOWLEDGMENT

State of _____     §
                             §
County of _____   §

This instrument was acknowledged before me on _____ by FAY SERVICING, LLC as MODIFICATION PROCESSING DEPARTMENT of U.S. ROF IV LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE.

_____
Signature of Notary Public

_____
Printed Name

_____
Title or Rank

(Seal)                        Serial Number, if any: _____

Loan Modification Agreement
Proprietary W3078B          Page 6 of 6          49883MU 01/16




| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Benjamin J. Ginter, Esq.<br>34 Forest Ave<br>Cranford, NJ 07016<br>Tel: 908-272-65565<br>Fax: 484-214-0310 | |
| In Re:<br><br>MARIA ARVELO | Case No.: 16-13147<br><br>Adv. No.:<br><br>Hearing Date: January 25, 2017 at 10:30 AM<br><br>Judge: SLM |

## ORDER FOR MOTION FOR APPROVAL OF POST-PETITION LOAN MODIFICATION OF MORTGAGE

The relief set forth on the following pages is hereby **ORDERED**.

**THIS MATTER**, being opened before the Court by Benjamin J. Ginter, Esq., attorney for the debtor, Maria Arvelo and this Court having considered argument of counsel and good cause appearing, and there being no opposition.

**IT IS ORDERD,** that the Debtors are authorized to enter into a loan modification agreement on their mortgage with Fay Servicing, and it is further,

**ORDERED,** that the principal and interest payments will be $2472.18; and it is further

**ORDERED,** that the 14 day period under Fed. R. Bankr. P. 6004 is hereby waived.

**ORDERED and ADJUSGED and DECREED,** that the Debtors Application is hereby granted.

Dated: _____

                                                                  J.S.C.